■ In the Matter of RAFAEL M. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; ERIKA C. et al., Respondents. (Proceeding No. 1.) In the Matter of ELIJAH M. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; ERIKA C. et al., Respondents. (Proceeding No. 2.) [998 NYS2d 212]—

Appeal from an order of the Family Court, Suffolk County (David Freundlich, J.), dated November 25, 2013. The order, insofar as appealed from, granted that branch of the motion of the attorney for the children which was to direct the Suffolk County Department of Social Services to provide the court with certain records.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the motion of the attorney for the children which was to direct the Suffolk County Department of Social Services to provide the court with certain records is denied.

The Suffolk County Department of Social Services (hereinafter the DSS) commenced child protective proceedings pursuant to Family Court Act article 10 against the mother and the father of the subject children, alleging that they neglected the children. The attorney for the children moved, inter alia, to compel the DSS, in the event that the subject family was receiving services under the family assessment and services track (hereinafter FAST) (see Social Services Law § 427-a), to provide to the court, for inspection, any reports or records created by FAST. The Family Court granted that branch of the motion.

The Family Court erred in directing the DSS to provide it with the subject reports and records. Social Services Law § 427-a permits such reports or records to be made available to a court, but only, among other things, "after notice and an opportunity for the subject of the report and all parties to the present proceeding to be heard" (Social Services Law § 427-a [5] [d] [vi]). Here, the mother was not provided with notice and an opportunity to be heard because the motion of the attorney for the child was never served upon the mother's attorney (see CPLR 2103 [b]).

Accordingly, the Family Court improperly directed the DSS to produce FAST records.

In light of our determination, we need not reach the parties'

remaining contentions. Skelos, J.P., Balkin, Austin and Barros, JJ., concur.

---

Motion by the respondent-respondent Erika C., inter alia, to dismiss an appeal from an order of the Supreme Court, Suffolk County, dated November 25, 2013, on the ground that it has been rendered academic. By decision and order on motion of this Court dated June 27, 2014, that branch of the motion which is to dismiss the appeal from the order was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal is denied. Skelos, J.P., Balkin, Austin and Barros, JJ., concur.